JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:26-cv-01655 PA (Ex)                                      Date: April 6, 2026

Title      Donald Victorian v. Kendrick Guidry, et al.


Present:  The Honorable:  **Percy Anderson, United States District Judge**


| Kamilla Sali-Suleyman Kogosov | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |


**Proceedings (In Chambers):  Order Dismissing Action Without Prejudice For Failure to Comply with Court Order**


On February 17, 2026, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request").  (ECF Nos. 1, 3.)  Plaintiff brought this action against multiple Defendants "fraud, unlawful death, theft." (ECF No. 1 at 1.)  Defendants were private individuals, including an attorney, as well as a mental health facility that allegedly mistreated Plaintiff's mother, who sought to transfer her assets to Plaintiff in 2016, while Plaintiff was in prison.  (*Id*.)  Defendants allegedly gave themselves power of attorney over Plaintiff's mother through fraud, financially abused her, stole two million dollars from her, physically abused her, abducted her from Los Angeles to Louisiana, abandoned her at the mental health facility, and prevented her family members from removing her from the facility.  (*Id*. at 2-3.)  Plaintiff's mother allegedly died under suspicious circumstances shortly after Plaintiff was released from prison, but the death was covered up by Louisiana authorities because the Defendant who is an attorney is now a federal judge.  (*Id*. at 3.)  Plaintiff sought 100 million dollars in damages. (ECF No. 1-1- at 1.)


On February 24, 2026, the Court postponed a ruling on the IFP request and granted Plaintiff leave to file an Amended Complaint within 30 days.  (ECF No. 8.)  The Court found that Plaintiff had not demonstrated the subject matter jurisdiction of the Court.  (*Id*.)  Because Plaintiff's allegations failed to raise a federal question, he was given an opportunity to file an Amended Complaint demonstrating jurisdiction based on diversity of citizenship.  (*Id*.)  The Court warned Plaintiff that the failure to file an Amended Complaint in a timely manner would result in the dismissal of this action.  (*Id*.)


---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-01655 PA (Ex)                                    Date: April 6, 2026

Title      Donald Victorian v. Kendrick Guidry, et al.

        As of this date, more than 30 days later, Plaintiff has not filed an Amended Complaint or otherwise communicated with the Court.

        The Court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to comply with the Court's order. *Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962)). "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

        Here, the first, second, third, and fifth factors weigh in favor of dismissal. *See Yourish*, 191 F.3d at 990 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. Arguably, [the] petition has consumed some of the court's time that could have been devoted to other cases on the docket."); *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). Although the fourth factor, the public policy favoring disposition of the case on the merits, weighs against dismissal, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Products Liability Litigation*, 460 F.3d at 1228.

        In sum, four of the five factors weigh in favor of dismissal. Accordingly, this action is dismissed without prejudice.

        It is so ordered.

                                                                    _____ : _____

                                          **Initials of Preparer**   _____